# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ABD AL KHALIQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:24-cv-02160-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| FEDEX CORPORATE SERVICES INC. and ) | |
| COOK SYSTEMS INTERNATIONAL, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

In his Report and Recommendation ("R&R"), Chief Magistrate Judge Tu M. Pham recommended that this Court dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the reasons below, this Court **ADOPTS** the R&R.

## BACKGROUND AND THE R&R

In March 2024, pro se Plaintiff Abd Al Khaliq sued Defendants FedEx Corporate Services Inc. and Cook Systems International, Inc. (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred the case to Judge Pham for management of all pretrial matters. On May 17, 2024, Defendants separately moved to dismiss the claims against them, arguing Plaintiff failed to state a claim. (ECF Nos. 11, 12.) Under LR 12.1(b), Plaintiff had twenty-eight days to respond. To date, Plaintiff has never responded to those motions.

Judge Pham issued an order to show cause on June 17, 2024, giving Plaintiff fourteen days to explain why the case should not be dismissed. (ECF No. 13.) Judge Pham advised

Plaintiff that failure to respond would lead him to review the motions based only on the arguments Defendants presented. (*Id.*)

On July 3, 2024, Plaintiff then moved for a 90-day extension to respond to the motions. (ECF No. 16.) Judge Pham granted that motion in part, extending the deadline by about one month and giving Plaintiff through August 1, 2024, to respond. (ECF No. 19.) On July 31, 2024, Plaintiff then moved for another 90-day extension. (ECF No. 20.) And Judge Pham granted the second motion in part, extending Plaintiff's deadline to September 3, 2024. (ECF No. 22.) The order clearly stated that "[n]o further extensions will be granted, as Khaliq has now been provided two additional months to respond from the initial deadline." (*Id.*)

After the second extension, Plaintiff again failed to respond. As a result, Judge Pham entered a second show cause order on September 18, 2024. (ECF No. 24.) The order explained in bold, italicized text that if Plaintiff failed to respond to the show cause order by October 1, 2024, Judge Pham would recommend that the case be dismissed "with prejudice for failure to prosecute." (*Id.*) Plaintiff did not respond.[1]

On October 11, 2024, Judge Pham entered this R&R, recommending dismissal of the case with prejudice. (ECF No. 26.) Plaintiff did not object to the R&R. The Court now turns to the legal standard and then reviews the R&R.

---

[1] The Court received notice that, like FedEx's earlier tries to serve Plaintiff, mail to the designated address was returned undeliverable. (*See* ECF Nos. 23, 25, 27, 28, 29.) Of those undeliverable filings included Judge Pham's first order granting a partial extension. (ECF Nos. 19, 27.) But Plaintiff's second motion for an extension asked for "90 *more* days" to respond, which was not language used in his first motion, thereby suggesting he did receive the order somehow. (ECF No. 20 (emphasis added).) And even if he did not, it is Plaintiff's responsibility to alert the Court of any changes in address, which he did not do.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Pham entered his R&R on October 11, 2024. Neither party objected, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R. In fact, the Court agrees with Judge Pham's analysis. Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or comply with a court order. And the Supreme Court has recognized a district court's inherent power to dismiss a case for failure to prosecute. *Marchand v. Smith & Nephew*, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

To determine whether dismissal under Rule 41(b) is appropriate, courts consider four non-dispositive factors: 1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; 3) if the party was warned that failure to respond could lead to dismissal; and 4) if less drastic sanctions were considered. *See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)). All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570.

Judge Pham applied these factors and recommended that the Court dismiss Plaintiff's case under Rule 41(b) with prejudice. For the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737). Plaintiff here failed to respond to Defendant's motion to dismiss even though he had two extensions. He also failed to update his address with the Court, and failed to respond to the second show cause order. Plaintiff's failure to prosecute has thus caused multiple delays and disruptions to this Court, to Defendants, and to Defendants' counsel. So the first factor favors dismissal. S*ee Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (holding that bad faith exists when a party delays or disrupts the litigation process).

For the second factor, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Wright v. City of Germantown, Tenn*., 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570)). As already described, Plaintiff's conduct has prejudiced Defendant. Plaintiff's failure to respond required an initial order to show cause and, after two extensions, resulted in a second show cause order, thereby

4

delaying the litigation process. *See Lacey v. Wells Fargo, N.A.*, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining how the defendants suffered prejudice during the show cause process).

The third factor— notice—focuses on whether dismissal is a fair result. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor supports dismissal here. In the first show cause order, Judge Pham warned Plaintiff that failure to respond may result in dismissal without prejudice. (ECF No. 13.) And the second show cause order warned that if Plaintiff did not respond, the magistrate judge would recommend that the case be dismissed for failure to prosecute. (ECF No. 24.) So the Court adequately warned Plaintiff.

Finally, the fourth factor does not require a court to implement a lesser sanction before dismissing a case. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In fact, if a party ignores court orders and still fails to prosecute his case, dismissal is appropriate. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several Court orders, including a show cause order). Judge Pham twice extended Plaintiff's time to respond to the motions before recommending dismissal. And Plaintiff still failed to respond, showing continued disregard for the case. Given these extensions and the two show cause orders, the Court agrees with Judge Pham that any other sanction would be inadequate.

Simply put, Plaintiff's conduct here shows little, if any, intention to prosecute this case, and it would be futile to give a lesser sanction. Plaintiff did respond to the first show cause order and moved for two more extensions, but he neither complied with the deadlines set out in the

second order nor provided the Court with an updated address for him. Likewise, Plaintiff did not respond to the second show cause order, despite its warning that the case would be dismissed. Four months have passed since Judge Pham entered the R&R and Plaintiff has still failed to respond to the second show cause order or to object to the R&R in any way. Instead, Plaintiff has shown a continued disregard for this case.

## CONCLUSION

The Court has reviewed Judge Pham's R&R and finds no clear error. And so, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITH PREJUDICE**.

**SO ORDERED**, this 6th day of February, 2025.

                                           s/Thomas L. Parker
                                           THOMAS L. PARKER
                                           UNITED STATES DISTRICT JUDGE